IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY | : | |
| COMPANY, a/s/o DOWNEY TREES, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 2:08-CV-0240-WCO |
| | : | |
| vs. | : | |
| | : | |
| PETERSON PACIFIC CORP., | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

The captioned case is before the court for consideration of "Defendant Peterson Pacific Corporation's Daubert Motion to Exclude Expert William E. Briscoe" [52-1], "Defendant Peterson Pacific Corporation's Motion for Sanctions Against Plaintiff under Federal Rule of Civil Procedure 37 for Spoliation of Vital Evidence" [53-1], "Defendant Peterson Pacific Corporation's Motion for Attorneys' Fees and Court Imposed Fine Against Plaintiff Continental Casualty Company Pursuant to Fed. R. Civ. P. 37" [54-1], and "Defendant Peterson Pacific Corporation's Motion for Summary Judgment" [55-1].  The court held a hearing on all pending motions on May 4, 2010, at which both plaintiff and defendant had the opportunity to present oral arguments on each of these motions.

## I.      Brief Procedural History

Plaintiff Continental Casualty Company, as subrogee of Downey Trees, filed its complaint against Pioneer Machinery, LLC and Peterson Pacific Corporation on December 5, 2008.  The case concerns a Peterson-Pacific HC4710 Tracked Wood Grinder ("grinder"), which plaintiff purchased from Pioneer Machinery, LLC in 2005.  (Pl.'s Compl. ¶ 7.)  On September 15, 2006, the grinder caught fire while an employee of Downey Trees was working with it in Cumming, Forsyth County, Georgia; the fire destroyed the grinder.  (*Id.* at ¶¶ 10-12.) Plaintiff Continental Casualty Company paid its insured, Downey Trees, over $350,000.00 in reimbursement for damages sustained as a result of the fire.  (*Id.* at ¶ 14.)  The complaint alleges negligence on the part of Pioneer Machinery, LLC (count I), negligence on the part of Peterson Pacific Corporation (count II), and breach of warranty (count III).

On October 30, 2009, the parties stipulated pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that plaintiff's claims against Pioneer Machinery, LLC be dismissed with prejudice, and the clerk entered dismissal in accordance with the stipulation on November 2, 2009.  Accordingly, the case is now between plaintiff Continental Casualty Company and defendant Peterson Pacific Corporation.  At the May 4, 2010 motions hearing, plaintiff made a verbal motion

to dismiss the breach of warranty claim, and the court entered an oral order granting plaintiff's motion.  Accordingly, the negligence claim against defendant Peterson Pacific Corporation is the only remaining claim in this action.

## II.     Analysis

### A.     "Defendant Peterson Pacific Corporation's Motion for Sanctions Against Plaintiff under Federal Rule of Civil Procedure 37 for Spoliation of Vital Evidence"

#### 1.     Introduction

Defendant requests that the court impose sanctions against plaintiff "for spoliating the essential evidence in this case, a Peterson 4710 wood grinder." (Def.'s Mot. for Sanctions 1.)  There is no dispute in this case that the grinder at issue was released by plaintiff to its insured to be sold for salvage.  The dispute centers on whether the grinder, as opposed to simply the PTO unit, is the key piece of evidence, and whether defendant has been prejudiced by its release.

Defendant asserts that plaintiff has, *inter alia*, "deprived Peterson of a full and fair opportunity to inspect the evidence and defend itself against [p]laintiff's claims." (*Id.*) Defendant claims that following the September 15, 2006 fire which led to this litigation:

> Plaintiff failed to preserve this essential evidence, or notify Peterson that [p]laintiff was planning a subrogation action against Peterson. Rather, [p]laintiff proceeded to let the grinder waste and ultimately allowed the grinder to be sold for scrap value.  To this date, Peterson

has been unable to determine either the location or owner of the
wasted grinder.

(*Id.* at 2.)  Defendant specifically requests that the court "dismiss this case due to

the spoliation of evidence that occurred in bad faith or in the alternative to exclude

all testimony from [p]laintiff's expert [William] Briscoe."  (*Id.* at 6.)

Plaintiff argues in opposition to defendant's motion for sanctions that "[t]he

most important fact, conveniently left out by [d]efendant, is *its* expert's

destructive examination of the wood grinder outside of the presence of

[p]laintiff's expert, which constitutes spoliation."  (Pl.'s Resp. Opp'n to Def.'s

Mot. for Sanctions 9) (emphasis added).  Plaintiff further asserts that "*the* critical

piece of evidence, the PTO, has been preserved by [defendant's] expert."  (*Id.*)

(emphasis added).  Plaintiff argues that "[t]o produce the grinder today will not

change the outcome of the case or assist the defendant with advancing its defenses

in this case."  (*Id.* at 12.)  Plaintiff suggests that if anyone has had an unfair

advantage in this case, it is *defendant*, not plaintiff, as "[d]efendant's expert was

provided with the same evidence that was examined by [p]laintiff's expert" and

plaintiff's expert actually "had to reassemble the grinder before commencing his

investigation to determine how the fire occurred."  (*Id.*)  In sum, plaintiff argues

that defendant has fully examined the evidence, that the PTO remains available

for further examination if necessary, and that plaintiff's release of the grinder to

its insured, Downey Trees, was in good faith.  (*Id.* at 13.)  Accordingly, plaintiff asserts that sanctions are not warranted.

While plaintiff contends that defendant's expert, Mr. Ganser, has fully examined the evidence and has no need to examine it further, Mr. Ganser's own deposition testimony indicates otherwise.  For example, in his July 7, 2009 deposition, Mr. Ganser admitted that he initially examined the equipment after the fire but plainly stated that in light of the opinions of plaintiff's expert he needed to further examine the wiring underneath the PTO and the clutch.  (Ex. 4 to Def.'s Mot. for Sanctions.)  Again in his September 1, 2009 deposition, Mr. Ganser made clear that he needed to examine "the wire tag that passes under the loop of the PTO" to determine "the role, if any, it may have played in this fire," but the wiring is no longer available to be examined.  (Ex. 5 to Def.'s Mot. for Sanctions 9; *see also id.* at 14 (noting that the only piece of harness available to Mr. Ganser to examine "was not the same portion of the harness that was beneath the PTO").)  According to Mr. Ganser's deposition, plaintiff's expert "says that the harness showed evidence of arcing in a number of the wires in the harness, and he indicated that arcing was in the energized wires of that harness, the ones that are typically powered during operation."  (*Id.* at 14.)  That harness, however, is no longer available to Mr. Ganser to examine.  Thus,

> there is no way . . . to tell two things: One is whether indeed the damage to the wiring was from arcing or whether it was from burning during the fire event.  And the second problem with not being able to see the harness is the inability to tell exactly which wires show evidence of either arcing or burning.

(*Id.* at 15.)

Mr. Ganser's January 14, 2010 declaration further details the impact of the lack of physical evidence at this stage in the litigation.

> The loss of the physical evidence of this case has directly impeded my ability to rebut not only the original multiple opinions of [p]laintiff's retained expert but also his newly theorized opinion [regarding self-heating ignition] as to the cause of the fire.
>
> The loss of the physical evidence prevents me from establishing the kind of wood being processed by the 4710 Grinder during the period before the time of the September 15, 2006 fire. The condition . . ., type, form . . ., and composition (chemistry) of the materials that are newly theorized to have ignited by self-heating are essential elements of information required to evaluate and rebut the self-heating theory.  Much of this same information would be required to evaluate the original theory regarding auto-ignition and the materials should have been retained for that reason.
>
> Without the physical evidence, I cannot examine the crevice where [p]laintiff's expert alleges self-heating "most likely" occurred or confirm the crevice . . . establishes a suitable environment for the newly alleged self-heating condition of a first fuel.
>
> Without the physical evidence I cannot examine the fuels retained in the 4710 Grinder to develop alternative hypothesis as to causation to rebut [p]laintiff's expert.

Without the physical evidence I cannot re-evaluate the burn patterns and debris deposits to develop evidence to counter [p]laintiff's expert.

(Ex. 14 to Def.'s Mot. for Sanctions 3-4.)[1]

### 2. *Legal Analysis*

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). The court finds that plaintiff has spoliated evidence in this case. The parties do not dispute that the grinder at issue has been sold for salvage and is thus no longer available. Indeed, at the May 4, 2010 hearing, plaintiff's counsel did not argue that spoliation had not occurred, but rather focused on the issue of

---

[1]  The prejudice to defendant resulting from the spoliation in this case is further evidenced by Dr. David Icove's report, which concludes that, "[s]poliation of evidence prevented the defendant . . . from conducting a parallel independent fire investigation by its own expert, developing evidence capable of rebutting Mr. Briscoe's hypotheses as well as bolstering Mr. Ganser's original conclusions, and developing alternative theories as to causation." (Ex. 15 to Def.'s Mot. for Sanctions 42; *see also id.* at 42-44.) Dr. Icove was hired by defendant as a rebuttal expert to challenge the qualifications and methodology of plaintiff's expert and to support defendant's spoliation claim.

whether any prejudice to defendant resulted.[2]   Having found that plaintiff has

spoliated evidence, the court will proceed to address the matter of sanctions.

The court must apply the five-factor test set forth in *Flury v. Daimler

Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005), in determining whether

sanctions for spoliation of evidence are warranted.[3]   The court must consider:

> (1) whether the [non-spoliating party] was prejudiced as a result of
> the destruction of evidence; (2) whether the prejudice could be
> cured; (3) the practical importance of the evidence; (4) whether the
> [spoliator] acted in good or bad faith; and (5) the potential for abuse
> if expert testimony about the evidence was not excluded.

*Id.* at 945.   "With regard to the fourth factor, Georgia law does not require a

showing of malice in order to find bad faith."     *Id.* at 946 (citing

---

[2] The court notes that several of plaintiff's internal communications, which the court ordered plaintiff to produce in its December 23, 2009 order, plainly demonstrate that plaintiff anticipated facing spoliation issues in this case based on the loss of the grinder.

To the extent that plaintiff argues that defendant's expert, Mr. Ganser, is responsible for spoliation of evidence in this case, the court finds that the argument lacks merit.  Mr. Ganser's deposition testimony indicates that he obtained permission from the insurance company via its insured before disassembling the grinder to examine it.  (Ex. 5 to Def.'s Mot. for Sanctions 3-4.)  Following Mr. Ganser's examination, plaintiff's expert, Mr. Briscoe, was able to thoroughly examine the grinder and draw his conclusions.  Plaintiff has only asserted the argument about Mr. Ganser spoliating evidence in response to defendant's motion for sanctions based upon plaintiff's spoliation of evidence.

[3] This court's application of the five-factor *Flury* test was affirmed by the Eleventh Circuit in *Graff v. Baja Marine Corp.*, No. 08-10413, 310 F. App'x 298 (11th Cir. 2009) (unpublished decision).  "To determine whether spoliation sanctions are warranted, a court must consider the factors identified in *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939." *Id.* at 301.

*Bridgestone/Firestone N. Am. Tire, LLC v. Campbell*, 574 S.E.2d 923, 972 (Ga. Ct. App. 2002)).[4]  Rather, "[t]he court should weigh the degree of the spoliator's culpability against the prejudice to the opposing party."  *Id.*

The Eleventh Circuit has held that "[a]s sanctions for spoliation, courts may impose the following: (1) dismissal of the case; (2) exclusion of expert testimony; or (3) a jury instruction on spoliation of evidence which raises a presumption against the spoliator."  *Id.* at 945 (citation omitted).  "Although a district court has broad discretion in crafting a proper sanction for spoliation, . . . the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine."  *West*, 167 F.3d 776, 779 (2d Cir. 1999) (citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)).

In *Graff v. Baja Marine Corporation*, an Eleventh Circuit case affirming this court's opinion, the court determined that the manufacturers of the gimbal housing for the boat involved in the accident at issue "suffered significant prejudice due to plaintiffs' conduct [in destroying the gimbal housing] because the gimbal housing was *the* critical piece of evidence."  310 F. App'x 298, 302 (11th

---

[4]  While "federal law governs the imposition of sanctions for failure to preserve evidence in a diversity suit," such as this case, "[f]ederal law in this circuit does not set forth specific guidelines."  *Flury*, 427 F.3d at 944 (citing *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)).  Accordingly, courts look to Georgia law, which is "wholly consistent with federal spoliation principles."  *Id.*

Cir. 2009) (unpublished decision) (emphasis in original).  The court found that "[t]he prejudice [was] really two-fold.  First, defendants were denied the same testing opportunities as plaintiffs.  Second, by wasting what little material there was by testing specimens that did not satisfy ASTM's size requirements, Rampolla effectively prevented everyone–plaintiffs, defendants, and the court–from receiving more reliable test results." *Id.* (internal citation omitted) (2d alteration in original).  The court held that "[e]ven if the plaintiffs did not act with malice when they spoliated evidence, the plaintiffs were the more culpable party and caused the manufacturers substantial prejudice." *Id.* (citing *Flury*, 427 F.3d at 946).  Accordingly, the Court of Appeals upheld the district court's decision to exclude the results of tensile tests conducted under the direction of the plaintiffs' metallurgist. *Id.*

The court finds that defendant has been prejudiced by the spoliation of evidence in this case.  While it is true that defendant's expert, Mr. Ganser, had an opportunity to examine the grinder after the fire, Mr. Ganser's own deposition testimony, set forth above, details the need for further examination to defend against plaintiff's allegations.  Plaintiff argues that it has preserved the PTO, which is the key piece of evidence in this case.  The PTO is *a* key piece of evidence in that plaintiff's theory is that the PTO was the cause of the fire.

However, defendant's expert has explained the need to examine *other* components of the grinder, such as the wiring harness, in order to defend against plaintiff's theory.   Thus, other pieces of the grinder might also constitute key pieces of evidence in this case.   Plaintiff is not excused by its decision to preserve that piece of evidence most important to its own theory of the case.

"[S]anctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process."   *Flury*, 427 F.3d at 944 (citing *Gratton v. Great Am. Commc'ns.*, 178 F.3d 1373, 1374 (11th Cir. 1999)).   However, the court is mindful that of the possible sanctions, "[d]ismissal represents the most severe sanction available to a federal court, and therefore should only be exercised where there is a showing of bad faith and where lesser sanctions will not suffice."   *Id.*   Though defendant has been prejudiced by the spoliation of potentially key evidence in this case, the court finds that in light of Mr. Ganser's opportunity to examine the evidence prior to the spoliation, dismissal would constitute an overly punitive sanction.   The court does, however, find that there is great potential for abuse if Mr. Briscoe's testimony is not excluded, as defendant is now unable to conduct any further testing to rebut Mr. Briscoe's theories.   Accordingly, the court will exclude any and all testimony by plaintiff's expert, Mr. Briscoe, regarding the cause and origin of the fire.

Because Mr. Briscoe's testimony will be excluded as a result of plaintiff's spoliation of evidence, the court need not address defendant's *Daubert* motion to exclude Mr. Briscoe.

> **B.**   **"Defendant Peterson Pacific Corporation's Motion for Attorneys' Fees and Court Imposed Fine Against Plaintiff Continental Casualty Company Pursuant to Fed. R. Civ. P. 37"**

Defendant requests that the court award (1) its attorneys' fees associated with building the spoliation record and (2) rebuttal expert fees incurred to rebut "[p]laintiff's unfounded claims of non-spoliation."[5]  (Def.'s Mot. for Att'ys' Fees & Court Imposed Fine 1-2.) Defendant additionally requests that the court impose a fine on plaintiff as a deterrent from future spoliation.  (*Id.* at 2.)

In light of the foregoing analysis of the spoliation matter in this case, the court finds that the imposition of a fine would be overly punitive and is not warranted in this case.  The court will, however, award reasonable attorneys' fees and costs to defendant.  Defendant has requested leave to file a supplemental attorneys' fee affidavit documenting its fees.  (*Id.* at 2 n.1.)  The court will grant defendant's request and determine attorneys' fees upon receipt of the additional evidence from defendant.

---

[5] Defendant specifically seeks an award of "all costs incurred with retaining expert Dr. David Icove necessary to rebut [p]laintiff's unfounded claims of non-spoliation[.]" (Def.'s Mem. Supp. Mot. for Att'ys' Fees & Court Imposed Fine 2.)

C.   **"Defendant Peterson Pacific Corporation's Motion for Summary Judgment" [55-1]**

1.   *Introduction*

Defendant seeks summary judgment in this case, asserting that no genuine issue of material fact exists.  Defendant asserts that "[e]ven if this [c]ourt chose *not* to exclude [p]laintiff's expert, the testimony of [p]laintiff's expert is based on pure speculation and is insufficient to establish the [g]rinder's Power Take-Off caused the fire."  (Def.'s Mot. Summ. J. 2.)  Plaintiff, on the other hand, argues that defendant "has failed to carry its burden to show that there are no issues of material facts in dispute" and thus that summary judgment must be denied.  (Pl.'s Resp. Opp'n to Def.'s Mot. Summ J. 6.)  Plaintiff asserts that even without its expert's opinions, "the element of causation can be established through fact witnesses deposed in this case in conjunction with [p]laintiff's expert's opinions."  (*Id.* at 8.)

2.   *Legal Analysis*

Summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  Only those claims for which there is no need for a factual determination and for which there is a clear legal basis are properly

-13-

disposed of through summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

It is well settled that a court evaluating a summary judgment motion must view the evidence in the light most favorable to the non-movant. *See, e.g.*, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988); *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986), *reh'g denied*, 815 F.2d 66 (11th Cir. 1987). To survive a motion for summary judgment, the non-moving party need only present evidence from which the trier of fact might return a verdict in his favor. *Samples*, 846 F.2d at 1330. However, Rule 56, "[b]y its very terms, . . . provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). The materiality of facts is governed by the relevant substantive law in the case. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A dispute is genuine if the evidence is such that the factual issues "may reasonably be resolved in favor of either party." *Id.* at 250.

Consideration of a summary judgment motion does not lessen the burden on the non-moving party: the non-moving party still bears the burden of coming forth with sufficient evidence. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). "If the non-movant in a summary judgment action fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the non-movant, to support a jury finding for the non-movant, summary judgment may be granted." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1247 (11th Cir. 1999) (citation omitted).

The only claim remaining in this case is plaintiff's negligence claim against defendant. To recover on its negligence claim, plaintiff must prove the following elements:

> "(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty."

*Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1297 (11th Cir. 2008) (quoting *Bradley Ctr., Inc. v. Wessner*, 296 S.E.2d 693, 695 (Ga. 1982) (quoting *Lee St. Auto Sales, Inc. v. Warren*, 116 S.E.2d 243, 245 (Ga. 1960))); *see also Galanti v. United States*, 709 F.2d 706, 708-09 (11th Cir. 1983). "Causation is

-15-

an essential element in any negligence action." *Hobday v. Galardi*, 598 S.E.2d

350, 352 (Ga. Ct. App. 2004).

> When the defendant seeks summary judgment on the ground that there is no proof of causation, the plaintiff bears the burden of introducing evidence
>
>> which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

*Id.* (quoting *Shadburn v. Whitlow*, 533 S.E.2d 765, 767 (Ga. Ct. App. 2000))

(citations omitted).

Plaintiff has not met that burden in this case, and defendant is entitled to

summary judgment. Defendant has moved for summary judgment, arguing that

plaintiff cannot prove the causation element of its negligence claim. Though

plaintiff states that "the element of causation can be established through fact

witnesses deposed in this case" even without its expert's testimony, in reality

plaintiff's entire response in opposition to defendant's motion for summary

judgment is based upon Mr. Briscoe's expert testimony. (Pl.'s Resp. Opp'n to

Def.'s Mot. Summ J. 8; *see also id.* at 11-16.) In accordance with the court's

ruling herein granting defendant's motion for sanctions for spoliation of evidence,

plaintiff's expert will not be permitted to testify as to the cause and origin of the fire.  Plaintiff has presented no other evidence to prove the causation element of its negligence claim.  Accordingly, plaintiff has not met its burden of introducing evidence "which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result[.]"  *Hobday*, 598 S.E.2d at 352 (citations omitted).  Defendant is thus entitled to summary judgment on plaintiff's only remaining claim in this action.

## III.    Conclusion

In accordance with the foregoing, "Defendant Peterson Pacific Corporation's Motion for Sanctions Against Plaintiff under Federal Rule of Civil Procedure 37 for Spoliation of Vital Evidence" [53-1] is hereby **GRANTED IN PART and DENIED IN PART**.  Insofar as the motion sought dismissal of the case, the motion is denied.  The court, however, agrees with defendant that plaintiff has spoliated evidence and that sanctions are warranted.  Thus, the court grants defendant's motion to the following extent: the court hereby **EXCLUDES** any and all testimony by plaintiff's expert, William Briscoe, regarding the cause and origin of the fire in this case.  In light of the court's ruling on defendant's motion for sanctions, "Defendant Peterson Pacific Corporation's Daubert Motion to Exclude Expert William E. Briscoe" [52-1] is hereby **DENIED** as moot.

Additionally, "Defendant Peterson Pacific Corporation's Motion for Attorneys' Fees and Court Imposed Fine Against Plaintiff Continental Casualty Company Pursuant to Fed. R. Civ. P. 37" [54-1] is hereby **GRANTED IN PART and DENIED IN PART**.  Insofar as the motion sought a court imposed fine against plaintiff, the motion is denied.  The court will, however, award reasonable attorneys' fees and costs to defendant in connection with the spoliation matter. Defendant is hereby granted **twenty (20)** days to file any affidavits or additional evidence in support of its request for attorneys' fees and costs.

Lastly, "Defendant Peterson Pacific Corporation's Motion for Summary Judgment" [55-1] is hereby **GRANTED**.

**IT IS SO ORDERED**, this 21st day of May, 2010.


s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge