IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

CONTINENTAL CASUALTY           :
COMPANY, a/s/o DOWNEY TREES,  :
                                             :        CIVIL ACTION
            Plaintiff,                    :        NO. 2:08-CV-0240-WCO
                                             :
vs.                                       :
                                             :
PETERSON PACIFIC CORP.,       :
                                             :
            Defendant.                 :

## ORDER

The captioned case is before the court for consideration of defendant's "Motion for Award of Attorneys' Fees Pursuant to Court Order Granting Motion for Fees" [92].

### I.      Introduction

On May 21, 2010, the court entered an order granting in part and denying in part defendant's motion for sanctions for spoliation of vital evidence, denying defendant's *Daubert* motion as moot, granting in part and denying in part defendant's motion for attorneys' fees and court imposed fine against plaintiff, and granting defendant's motion for summary judgment.  With regard to defendant's motion for attorneys' fees and court imposed fine against plaintiff, the court declined to impose a fine against plaintiff, but indicated that reasonable

attorneys' fees and costs would be awarded to defendant in connection with the spoliation matter.  (*See* May 21, 2010 Order 18.)  Accordingly, the court granted defendant twenty days to file any affidavits or additional evidence in support of its request for attorneys' fees and costs.

Thereafter, on June 10, 2010, defendant filed the instant motion for attorneys' fees, along with the supporting declarations of attorneys Jeffrey G. Granillo and Richard W. Bethea.  Plaintiff filed a response in opposition to defendant's motion for attorneys' fees on June 24, 2010, and defendant filed a reply on July 7, 2010.  The motion is now ripe for consideration.

## II.     Analysis

### A.     Hourly Rates of Defendant's Attorneys

As stated, the court has already held that defendant should be awarded attorneys' fees in connection with the spoliation matter.  Accordingly, it is now for the court to determine defendant's reasonable attorneys' fees.  To calculate a reasonable attorney's fee, the court must first determine a reasonable hourly rate and multiply it by the number of hours that the attorney reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).  A trial court is itself an expert on the question of reasonable fees and may consider its own knowledge and experience of proper fees in the local market.  *Id.* at 1303 (citation omitted).

Defendant has requested attorneys' fees at the rates of: (1) $275 per hour for attorney Richard W. Bethea, (2) $220 per hour for attorney Thomas Greenholtz, (3) $185 per hour for attorney Jeffrey G. Granillo, (4) $120 per hour for supporting senior paralegal Kristine Taubert, and (5) $90 per hour for paralegal Thomas Grant.  Plaintiff has not objected to the hourly rates requested by defendant.  The court finds that the hourly rates submitted by defendant fall within the range of prevailing market rates in the Gainesville, Georgia, legal community and are reasonable.  (*See* Def.'s Mot. Award Att'ys' Fees Pursuant to Court Order 11-13; Pl.'s Resp. to Def.'s Mot. Att'ys' Fees 13); *see also Regions Bank v. Metamorphix, Inc.*, No. 2:05-CV-00100-RWS (N.D. Ga. Sept. 12, 2006) (Story, J.) (finding hourly rates of $275 and $205 reasonable in the Gainesville Division).

## B.    Time Spent by Defendant's Attorneys

In defendant's original motion for attorneys' fees and court imposed fine against plaintiff, defendant requested that the court award (1) its attorneys' fees

associated with building the spoliation record and (2) rebuttal expert fees incurred to rebut "[p]laintiff's unfounded claims of non-spoliation." (Def.'s Mot. for Att'ys' Fees & Court Imposed Fine 1-2).[1]   Defendant now requests an award of fees incurred:

(1)   Researching, drafting, preparing, filing and litigating [defendant] Peterson's Motion for Sanctions Against Plaintiff under Federal Rule of Civil Procedure 37 for Spoliation of Vital Evidence . . .;

(2)   All costs incurred researching, preparing and litigating [defendant] Peterson's Motion for Attorney's Fees For Spoliation . . .;

(3)   All costs related to retaining Dr. David Icove's services, [defendant] Peterson's spoliation rebuttal expert, including all time spent defending the admissibility of Dr. Icove's opinion . . .;

(4)   All costs incurred related to the depositions of (a) insurance agent Keith Dillon, (b) CNA independent adjuster Dennis Durham, (c) CNA 30(b)(6) deponent James Mainous, and (d) CNA in-house adjuster Anita Atnip;

(5)   All spoliation research conducted during the course of the litigation;

(6)   Attorney time related to arranging for Mr. Ganser to inspect the few retained components stored at Mr. Briscoe's basement garage, and analysis related thereto;

----

[1] With regard to rebuttal expert fees, defendant sought an award of "all costs incurred with retaining expert Dr. David Icove necessary to rebut [p]laintiff's unfounded claims of non-spoliation[.]" (Def.'s Mem. Supp. Mot. for Att'ys' Fees & Court Imposed Fine 2.)

(7)    Research to determine if [defendant] Peterson could designate Mr. Ganser, an Oregon licensed engineer, as [defendant] Peterson's expert under Georgia's engineering practice regulations;

(8)    Costs incurred sending a deficiency letter following receipt of vague responses regarding the status of the grinder and follow-up discussions with [p]laintiff;

(9)    The costs incurred in preparing [defendant] Peterson's Second Set of Discovery exclusively addressing [p]laintiff's claims process; and

(10)    All costs incurred preparing this fee petition.

(Def.'s Mot. Award Att'ys' Fees Pursuant to Court Order 1-2.)  Plaintiff argues that defendant's request "is excessive, unreasonable, and overly broad[,]" and that in addition to matters related to the spoliation issue, defendant "seeks the recovery of fees for time spent on matters associated with its general defense of the claims of this case, as well as discovery issues previously addressed by the [c]ourt." (Pl.'s Resp. to Def.'s Mot. Att'ys' Fees 1.)

The court agrees that certain of defendant's requests go beyond the spoliation issue and are thus not compensable under the court's order of May 21, 2010.  Although the court "has wide discretion in exercising its judgment on the appropriate fee based on its own expertise, that discretion is not without limits." *Norman*, 836 F.2d at 1304.  If, as here, "the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be

improper." *Id.* (citing *Hill v. Seaboard Coast Line R.R. Co.*, 767 F.2d 771, 775 (11th Cir. 1985); *Fitzpatrick v. IRS*, 665 F.2d 327, 332-33 (11th Cir. 1982)).  In its May 21, 2010 order, the court indicated that it would award defendant its reasonable attorneys' fees associated with the spoliation issue, including the motion(s) related thereto and the costs incurred retaining expert Dr. David Icove to rebut plaintiff's claims of non-spoliation.  (*See* May 21, 2010 Order 12 & n.5, 18.)  The court finds that some of the hours and expenses now requested by defendant go beyond the spoliation matter and thus beyond the scope of the attorneys' fees recoverable.

First, defendant seeks to recover costs incurred related to the depositions of (a) insurance agent Keith Dillon, (b) CNA independent adjuster Dennis Durham, (c) CNA 30(b)(6) deponent James Mainous, and (d) CNA in-house adjuster Anita Atnip.  Of these, the court finds that only the deposition of Keith Dillon was taken solely based upon the spoliation issue and to build the spoliation record.  Accordingly, the court will not allow defendant to recover costs incurred related to the depositions of CNA independent adjuster Dennis Durham, CNA 30(b)(6) deponent James Mainous, and CNA in-house adjuster Anita Atnip.[2]

---

[2] For example, one of defendant's time entries refers to the "joint role of [Anita] Atnip as both a fact witness and corporate representative." (Ex. A to Decl. of Jeffrey G. Granillo 11.) The depositions of Dennis Durham, Anita Atnip, and James Mainous were used by defendant in support of its motion to compel discovery responses, as well as in connection with the

While it is true that portions of these depositions related to the spoliation issue and were used by defendant in connection therewith, the court's experience with the discovery process leads it to conclude that even in the absence of the spoliation issue, defendant would have taken these depositions to defend this case.[3]

In reviewing the time records submitted by defendant, the court has identified 34.4 hours expended on the deposition of Keith Dillon. Those 34.4 hours represent time spent by defendant's attorneys both preparing for and taking Keith Dillon's deposition. The court will allow defendant to recover its attorneys' fees for those 34.4 hours (a total of $6,313.50), as well as $628.86 in costs

---

spoliation matter. The court finds that despite defendant's statements to the contrary, the depositions of these individuals were not taken solely based on the spoliation issue and most likely would have been taken by defendant in this case even in the absence of the spoliation issue.

[3] The court notes that:

Courts are often faced with inadequate fee applications or with claims for hours or fee rates which seem excessive. . . . For decades the law in this circuit has been that:

> The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.

*Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 155 (5th Cir. 1940) (Sibley, J.)).

incurred in connection with the deposition of Keith Dillon. The court will disallow the hours connected with the depositions of the other three aforementioned individuals.

Similarly, the court will not allow defendant to recover fees for attorney time related to arranging for defendant's expert, Mr. Ganser, to inspect the retained components stored at plaintiff's expert's garage and analysis related thereto, or for research to determine if defendant could designate Mr. Ganser, an Oregon licensed engineer, as defendant's expert under Georgia's engineering practice regulations. Mr. Ganser is defendant's product safety engineer, and likely would have been essential to defendant's case with or without the spoliation issue. The court finds that defendant most likely would have used Mr. Ganser's inspection and expert opinions in its defense of this case regardless of the spoliation issue, and thus would have had to research whether it could designate Mr. Ganser as an expert in Georgia. Consequently, the court will not allow recovery of these expenses under its May 21, 2010 order.

Lastly, the court will not allow defendant to recover costs incurred sending a deficiency letter following receipt of vague discovery responses from plaintiff and costs incurred in preparing defendant's second set of discovery. Both of these items were raised in defendant's November 24, 2009 motion to compel –

specifically, they were attached to that motion as exhibits C and E.  Defendant prevailed on its motion to compel, and on May 11, 2010, the court entered an order granting defendant's motion for attorneys' fees pursuant to the court's order granting the motion to compel, and awarding defendant the sum of $10,297.50 in attorneys' fees related to its motion to compel.  Regardless of whether defendant specifically sought compensation for the deficiency letter and the second set of discovery in the motion for attorneys' fees pursuant to the motion to compel, those matters were attached to and clearly related to the discovery matter.  The court will not allow recovery of these costs in connection with the spoliation matter.

In total, of the 379.7 hours requested by defendant, the court will disallow 100.1 hours.  Accordingly, defendant will be awarded attorneys' fees for 279.6 hours.

### C.    Attorneys' Fees and Expenses Allowed

After thoroughly reviewing each and every time entry submitted by defendant, the court has determined that in addition to the $6,942.36 calculated above in connection with the deposition of Keith Dillon, defendant should be awarded $48,702.50 in attorneys' fees and $5,811.24 in expenses.  Thus, of the total sum of $84,338.32 initially requested by defendant, the court finds that

defendant is entitled to recover a total of $61,456.10.  The court will additionally allow defendant to recover attorney's fees of $1,591.00, representing 8.6 hours of attorney Jeffrey G. Granillo's time, incurred in replying to plaintiff's response to defendant's present motion for attorneys' fees.

### III.   Conclusion

In accordance with the foregoing, defendant's "Motion for Award of Attorneys' Fees Pursuant to Court Order Granting Motion for Fees" [92] is hereby **GRANTED IN PART** and **DENIED IN PART**.  Insofar as the motion requests an award of attorneys' fees and expenses incurred in connection with the spoliation matter in this case, the motion is hereby **GRANTED**.  Insofar as the motion requests an award of the sum of $85,929.32, the motion is hereby **DENIED**.

The sum of **$63,047.10** in attorneys' fees and expenses is hereby **AWARDED** to defendant.

**IT IS SO ORDERED**, this 17th day of August, 2010.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge